J-S82031-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| LYNWOOD JERRO HARRIS, JR., | : | |
| | : | |
| Appellant | : | No. 815 WDA 2017 |

Appeal from the PCRA Order May 2, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0019169-2009

BEFORE:  BENDER, P.J.E., STEVENS, P.J.E.,* and STRASSBURGER, J.**

MEMORANDUM BY STRASSBURGER, J.:          FILED: February 16, 2018

Lynwood Jerro Harris, Jr. (Appellant) appeals from the May 2, 2017 order which denied his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Appellant was charged with numerous offenses related to a robbery that occurred on October 2, 2009.  On that evening, Daniel Laughery, his wife, his friend, and his cousin were home.  They heard a loud sound in the living room, and saw two men, later identified as Appellant and Dominic Green.  Appellant was wielding a gun and ordered Laughery and the others at gunpoint to open a safe.  Several struggles ensued and there were attempts by the victims to call 911.  In addition, Appellant threatened to kill the victims if they did not open the safe.[1]  Additionally, Appellant discharged

---

[1] Laughery later found $3,360 missing from his safe.

* Former Justice specially assigned to the Superior Court.

**Retired Senior Judge assigned to the Superior Court.

his gun into the floor. Appellant and Green eventually ran from the house. Laughery attempted to follow the men in his car and found a police officer who was responding to a report of a home invasion with shots fired. Laughery providing a description of the men to police, stating that he recognized Dominic Green, but had never seen Appellant prior to that night. Laughery eventually identified Appellant in a photo array.

On November 13, 2009, Green provided a statement to police. He told police that he, Appellant, and Justin Westin[2] went to Laughery's home on October 2, 2009. According to Green, Appellant was the only person with a firearm, and he threatened the occupants of the home, took money from the safe, and ran from the house.

Appellant and Green were set to be tried together as co-defendants before the Honorable Edward J. Borkowski. A jury was selected; however, immediately prior to trial, Green agreed to plead guilty to all charges and to testify against Appellant. The following exchange occurred on the record:

> [ADA Catanzarite]: Your Honor, I believe Mr. Green is willing to enter a plea. For that purpose and that reason, Your Honor, the Commonwealth would move to sever[] Mr. Green's case from [Appellant's] case.
>
> The Court: What is the agreement?
>
> [ADA Catanzarite]: Your Honor, there is no agreement. Essentially [Mr. Green] is going to plead to the information and we would hold off on sentencing.

---

[2] Justin Westin drove the car to the house and remained in it.

The Court: Is he – is there an agreement that he testify?

[ADA Catanzarite]: He will be testifying, yes.

\*\*\*

[Counsel for Green]: We can fill out the colloquy today or whenever you would want us to.

The Court:  Have him fill out the colloquy.  We'll do that right now.

(Thereupon, Dominic Green entered a plea of guilty to the charges with sentencing to follow within 90 days.)

N.T., 11/29/2010, at 76-77.

At trial, Green testified consistently with the statement he gave police.

In addition, the following exchange occurred:

[ADA Catanzarite]: Were you given any promise by me or anyone from the District Attorney's Office in exchange for your testimony here today?

[Green]: No.

[ADA Catanzarite]: Was there any promise made to you about the sentence that you would get?

[Green]: No.

[ADA Catanzarite]: Was there any reduction of charges?

[Green]: No.

[ADA Catanzarite]: Why are you testifying here today?

[Green]: Because I feel it's the right thing to do.

*Id*. at 202. During cross-examination, counsel for Appellant explored this further, essentially questioning why Green would plead guilty to all of these crimes if he did not get any sort of deal in exchange. *Id*. at 219-222.

At the conclusion of this jury trial, Appellant was convicted of one count each of burglary, persons not to possess a firearm, theft by unlawful taking, and criminal conspiracy, and four counts each of robbery, terroristic threats, unlawful restraint, and simple assault.[3] On March 2, 2011, Appellant was sentenced to an aggregate term of 12 to 24 years of incarceration.[4] On October 9, 2012, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Harris***, 62 A.3d 452 (Pa. Super. 2012) (unpublished memorandum). Appellant did not petition for allowance of appeal to our Supreme Court.

On April 16, 2015, Appellant *pro se* filed a PCRA petition. Counsel was appointed, and on December 13, 2016, counsel filed an amended petition. In that petition, counsel acknowledged that Appellant's petition was untimely filed. ***See*** Appellant's Brief at 31-34 (unnumbered). Appellant argues,

---

[3] The trial court granted Appellant's motion for judgment of acquittal for four counts of aggravated assault. In addition, at the close of evidence, the Commonwealth withdrew charges of criminal trespass, receiving stolen property, and four counts each of criminal coercion, false imprisonment, criminal mischief, and harassment.

[4] Two days prior, on February 28, 2011, Green appeared for sentencing before Judge Borkowski. The Commonwealth withdrew the following charges against Green: theft, receiving stolen property, harassment, and simple assault. Green was sentenced to an aggregate term of 11½ to 23 months of incarceration to be followed by four years of probation.

however, that the petition should be considered timely pursuant to either the newly-discovered facts exception[5] or the governmental-interference exception[6] to the timeliness requirements of the PCRA. The Commonwealth filed a response, and the PCRA court issued notice of its intention to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Appellant did not respond, and the PCRA court dismissed the petition. Appellant timely filed a notice of appeal. The PCRA court did not order a concise statement pursuant to Pa.R.A.P. 1925, and none was filed.

Before we may consider the merits of Appellant's claims, we must consider the timeliness of the petition, as the timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Robinson*, 12 A.3d 477, 479 (Pa. Super. 2011). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the

---

[5] 42 Pa.C.S. § 9545(b)(1)(ii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]").

[6] 42 Pa.C.S. § 9545(b)(1)(i) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]").

petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545.

Appellant acknowledges that his petition is facially untimely. However, Appellant argues that "he had no knowledge, nor could he of [Green's] favorable treatment during sentencing in exchange for his testimony at Appellant's trial." Appellant's Brief at 14. Appellant proceeds to argue that "governmental interference was a direct and substantial cause for his lack of raising these issues sooner, as the Commonwealth stated at trial that there was no agreement for favorable treatment in place, yet that is exactly what occurred during Green's sentencing." *Id*.

Appellant further suggests that "[i]f Appellant's trial attorney had access to the information that Green in fact had a deal with the Commonwealth for his sentence in exchange for his testimony, impeaching Green as to his credibility would probably have proved successful." *Id*. at 24. According to Appellant, Green's favorable sentence was the result of an "arrangement of leniency" between the Commonwealth and Green. *Id*. at 35. Based on the foregoing, Appellant argues that he has a claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1964).

Because Appellant's argument with respect to the timeliness exceptions are interrelated, we consider them together.

> Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise these claims was

the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence. The newly-discovered [facts] exception requires that the facts upon which the ***Brady*** claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence.

***Commonwealth v. Hawkins***, 953 A.2d 1248, 1253 (Pa. 2006).

Furthermore, with respect to asserting newly-discovered facts, our Court has offered the following.

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the facts upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence*." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).
>
> ***Commonwealth v. Bennett***, [] 930 A.2d 1264, 1272 ([Pa.] 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

***Commonwealth v. Medina***, 92 A.3d 1210, 1216 (Pa. Super. 2014) (some citations and quotation marks omitted).

Assuming *arguendo* there was an agreement that the Commonwealth did not disclose,[7] Appellant has not set forth any date as to when he

---

[7] Appellant has not included a copy of Green's sentencing transcript in the certified record. Thus, this Court has no way to evaluate what happened at Green's sentencing. According to the PCRA court, "the record clearly shows that [Green] entered a general plea to the information, and only had certain charges withdrawn after he entered the plea to all charges, and after [Appellant] was found not guilty of those same withdrawn charges." PCRA Court Opinion, 4/20/2017, at 1-2.

- 7 -

discovered this information. Moreover, he has not offered any reason for why it took him five years to discover a purported agreement.[8] ***See Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001) (holding that in order to satisfy the governmental-interference exception, a petitioner must demonstrate "evidence as to when and how he discovered the ***Brady*** material that the Commonwealth allegedly withheld from him" and "offer a reasonable explanation as to why this information, with the exercise of due diligence, could not have been obtained earlier").

Instantly, Green was sentenced on February 28, 2010, which was two days **prior** to Appellant's sentencing before the same trial judge. Moreover, Appellant was aware Green testified against him at trial and that his testimony was damaging, and he was so concerned about a deal that he questioned Green extensively on this subject. Based on the foregoing, we conclude that Appellant has failed to plead and prove the requirements of either the newly-discovered facts exception or the governmental-interference exception to the PCRA jurisdictional time bar. Accordingly, we

---

[8] To the extent Appellant is claiming that he asked counsel to raise it sooner and counsel did not do so, or that counsel was ineffective by not discovering this information sooner, we point out that "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005).

conclude that the PCRA court did not err in dismissing Appellant's petition.[9]

*See Commonwealth v. Albrecht*, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

PJE Bender joins.

PJE Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/16/2018

---

[9] Appellant also sets forth a claim that he is serving an illegal sentence pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013). Appellant's Brief at 42-45. However, this claim also fails. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) ("*Alleyne* does not apply retroactively to cases pending on collateral review.").